UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Allan Lee Hawkins, | ) | C/A No. 8:26-cv-1935-RMG-WSB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Jonathan Nance, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Allan Lee Hawkins ("Petitioner"), proceeding *pro se*, brings this action seeking a writ of

habeas corpus under 28 U.S.C. § 2254. Petitioner is an inmate in the custody of the South Carolina

Department of Corrections ("SCDC") and is presently incarcerated at the Tyger River Correctional

Institution. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the

undersigned United States Magistrate Judge is authorized to review all pretrial matters in such

cases and submit findings and recommendations to the District Court. For the reasons below, the

Petition filed in this matter should be denied and the action should be dismissed. Additionally, the

Court should deny Petitioner's Motion to Accept Jurisdiction. ECF No. 3.

## BACKGROUND

Petitioner commenced this action by filing a Petition for writ of habeas corpus under 28

U.S.C. § 2254.[1] ECF No. 1. The Petition is a typed document comprised of eighty-seven pages.

*Id*. The Petition is accompanied by a four-page cover letter, detailing various exhibits attached to

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). The envelop contains a stamp by the prison mailroom indicating the Petition was delivered for forwarding to the court on May 6, 2026. ECF No. 1-4 at 1. The Court will use that as the date of filing.

1

the Petition. ECF No. 1-1. Petitioner has also filed a sixteen-page Memorandum of Law in support of the Petition. ECF No. 1-2. Petitioner attached to the Petition eighty-six pages of supporting documents, which include various state court records. ECF No. 1-3. Petitioner also filed a twelve-page Motion, captioned as a "Motion to Accept Jurisdiction and Proceed without Fourth Circuit Authorization, or in the Alternative, Motion for Independent Jurisdictional Determination." ECF No. 3. The Court has carefully evaluated all of these documents, totaling more than 200 pages of materials, as well as the available records from Petitioner's state court proceedings, his prior action filed in this Court, and his filings with the United States Court of Appeals for the Fourth Circuit.

**The Petition**

The Petition makes the following pertinent allegations. ECF No. 1. Petitioner challenges his conviction rendered by a jury on January 17, 2008, in the Greenville County Court of General Sessions. *Id*. at 41. Based on the conviction, Petitioner was sentenced to a term of imprisonment of 30 years for murder, 30 years (concurrent) for armed robbery, and 5 years (concurrent) for possession of a weapon during the commission of a violent crime. *Id*. at 42. Petitioner asserts the following grounds for relief, which the Court quotes verbatim:

> **GROUND ONE**: Petitioner was convicted on uncharged conduct in violation of the Fourteenth Amendment Due Process Clause – conviction on uncharged conduct (*Stirone* Structural Error).
>
> **GROUND TWO**: Ineffective Assistance of Trial Counsel in Violation of the Sixth Amendment (*Strickland v. Washington*).
>
> **GROUND THREE**: Unreasonable determination of the facts – State PCR Court accepted perjured testimony (28 U.S.C. § 2254(d)(2)).

|  |  |
|---|---|
| **GROUND FOUR**: | Actual conflict of interest in violation of the Sixth Amendment (*Cuyler v. Sullivan*). |
| **GROUND FIVE**: | Suppression of material exculpatory and impeachment evidence in violation of due process (*Brady v. Maryland* / *Giglio v. United States*). |
| **GROUND SIX**: | Cumulative constitutional error denied Petitioner a fundamentally fair trial in violation of the Fourteenth Amendment. |
| **GROUND SEVEN**: | Jury Coercion, denial of lesser-included offense, and erroneous supplemental instruction in violation of the Fifth and Fourteenth Amendments (*Lowenfield* / *Beck* / *Bollenbach*). |

*Id.* at 52, 57, 61, 65, 69, 73, 77.  For his relief, Petitioner asks the Court to grant a writ of habeas corpus and order Petitioner's immediate release from custody or vacate Petitioner's convictions and sentence and order a new trial; grant an evidentiary hearing on all claims presented; and issue a certificate of appealability on all grounds raised.  *Id.* at 87.

**The Motion to Accept Jurisdiction**

Petitioner has filed a Motion to Accept Jurisdiction, requesting "that this Court accept jurisdiction over his new petition for writ of habeas corpus under 28 U.S.C. § 2254 without Fourth Circuit authorization, because this petition is not 'second or successive.'"  ECF No. 3 at 1.  In the alternative, Petitioner asks this Court to make "an independent finding of jurisdiction, and if needed, a determination that the actual innocence/new evidence gateway of § 2244(b)(2)(B) is satisfied."  *Id*. at 2.

## APPLICABLE LAW

Under established local procedure in this district, a careful review has been made of the *pro se* Petition filed in this case.  The review was conducted pursuant to the procedural provisions

3

of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Further, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012). Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Because Petitioner is a *pro se* litigant, the pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

**The Action is An Unauthorized Successive Petition**

### *Generally Only One Habeas Petion Is Permitted*

Petitioner challenges the validity of his state court conviction and sentence, and he seeks habeas relief under 28 U.S.C. § 2254. Nevertheless, the Petition filed in this action should be dismissed as an unauthorized successive Petition.

4

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Because Petitioner is in custody pursuant to a state court judgment and seeks to overturn or challenge his state court conviction, his habeas corpus petition [is] properly construed as a § 2254 petition." *Sabb v. South Carolina*, C/A No. 9:06-cv-1943-RBH, 2008 WL 701387, at *2 (D.S.C. Mar. 13, 2008) (collecting cases). On April 24, 1996, the AEDPA amended 28 U.S.C. § 2254 and other habeas statutes. Specifically,

> [t]he AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted) (citing *Felker v. Turpin*, 518 U.S. 651 (1996)). To be considered "successive," the second or subsequent petition must be an attack on the same conviction addressed in the first petition, and the first petition must have been adjudicated on the merits. *See In re Williams*, 444 F.3d 233, 236 (4th Cir. 2006).

### *Authorization from Court of Appeals Required for Second or Successive Petition*

"Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to

do so from the appropriate circuit court of appeals." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (citing *Felker v. Turpin*, 518 U.S. 651 (1996)).  The "gatekeeping" mechanism created by AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.  § 2244(b)(3)(A).  A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b).

*Felker*, 518 U.S. at 657 (citing § 2244(b)(3)(c); §§ 2244(b)(3)(B), (D)).

Although § 2254 is the appropriate vehicle for Petitioner to challenge his state conviction and sentence, relief under the statute is unavailable to Petitioner because the instant action is an unauthorized successive petition.  This is at least the second action that Petitioner has submitted to this Court in an effort to challenge his state court criminal conviction and sentence.  Specifically, Petitioner filed a habeas action pursuant to § 2254 at case number 8:14-cv-4370, and this Court dismissed that action on February 10, 2016, granting summary judgment to the Respondent.  *See Hawkins v. Warden Perry Correctional Institution*, 8:14-cv-4370-JMC (D.S.C. Feb. 10, 2016), ECF No. 41 (adopting the Report and Recommendation at ECF No. 39).  The petition at case number 8:14-cv-4370 was dismissed on the merits, making the present Petition, which attacks the same conviction, successive for purposes of 28 U.S.C. § 2244(b).

Section 28 U.S.C. § 2244(b)(2) provides that in some circumstances a petitioner may bring a second or successive § 2254 action.  That statute permits a court of appeals to determine whether to authorize a successive petition.  Thus, the United States Court of Appeals for the Fourth Circuit—not this District Court—is the proper tribunal to decide whether to authorize a successive § 2254.  *See United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing

6

abusive or repetitive claims."). Petitioner has not alleged facts showing he has received authorization from the Fourth Circuit Court of Appeals to bring a successive § 2254 Petition. Indeed, Petitioner acknowledges that the Fourth Circuit denied such authorization, explaining that denial as follows:

> On March 9, 2026, Petitioner applied for authorization to file a "second or successive" federal habeas; the panel, with no facts or law analyzed, flatly denied it by one-sentence order.

ECF No. 3 at 5. Petitioner further describes the Fourth Circuit's handling of his pre-filing authorization request as follows:

> The Fourth Circuit Court of Appeals denied authorization in Case No. 26-131 by a bare, one-sentence order filed April 8, 2026, with no reasoning, no analysis, and no discussion of Petitioner's claims. That unreasoned denial does not bind this Court on the threshold jurisdictional question of whether this Petition is second or successive at all – a question the panel never addressed in its one-sentence order.

*Id*. at 2. Petitioner has attached a copy of the Fourth Circuit's denial of the pre-filing authorization request. ECF No. 1-3 at 77. Because the Fourth Circuit did not authorize Petitioner to file the instant Petition, this Court does not have jurisdiction to consider it. *United States v. Ferguson*, No. 3:06-cr-61-JFA, 2016 WL 9777354, at *2 (D.S.C. Feb. 10, 2016) ("[A] district court lacks jurisdiction to consider a second or successive petition if the petitioner did not receive pre-filing authorization.").

### *No Exception to the Successive Petition Bar Applies*

Petitioner argues that the present Petition "is not 'second or successive' within the meaning of 28 U.S.C. § 2244(b), under *Panetti v. Quarterman*, 551 U.S. 930 (2007), and *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998)." ECF No. 3 at 1. Petitioner explains as follows:

7

> The claims presented in this Petition—a *Stirone*/Fourteenth Amendment structural error, a *Cuyler* actual conflict of interest, *Brady*/*Giglio* suppression through conflicted counsel, *Strickland* ineffective assistance, an unreasonable factual determination under § 2254(d)(2), and cumulative constitutional error—were not and could not have been raised in Petitioner's prior federal habeas petition [because the] factual predicates for every claim presented herein either did not exist or were actively concealed from Petitioner at the time his prior petition was filed and adjudicated.

*Id*. at 1–2. Petitioner's arguments are without merit.

Petitioner's argument that the District Court, and not the Fourth Circuit, should determine the jurisdictional basis for his claims in the first instance is without merit. "[A] petitioner may not avoid dismissal for lack of jurisdiction by styling his motion as . . . one questioning the jurisdiction and authority of the federal courts." *United States v. Gholson*, No. 3:99-cr-178-JRS-1, 2013 WL 1655675, at *2 (E.D. Va. Apr. 16, 2013); *Winslow*, 2020 WL 3511593, at *3 ("[A] claim that [Petitioner] is actually innocent nonetheless requires authorization from the Fourth Circuit before this court may consider it."); *Perry v. Clarke*, C/A No. 3:14-cv-523, 2015 WL 11112523, at *2 (E.D. Va. Mar. 31, 2015) (rejecting petitioner's argument that the district court could examine his successive § 2254 petition on the basis of actual innocence because that determination must be made "in the first instance" by a circuit court of appeals). It is for the Court of Appeals to determine in the preauthorization process whether an exception applies to allow a successive petition.

Even if the evaluation of an exception to allow a successive petition was for this Court, Petitioner's arguments do not have merit. *Stewart* and *Panetti* both addressed the intersection of AEDPA's successive petition bar and a capital habeas *Ford* competency claim.[2] In *Stewart*, the

---

[2] In *Ford v. Wainwright*, the Supreme Court held that a State may not execute an incompetent person. *Ford v. Wainwright*, 477 U.S. 399 (1986) (explaining the Eighth Amendment's ban on cruel and unusual punishments precludes executing a prisoner who has "lost his sanity" after sentencing).

Supreme Court held that a habeas petitioner's claim that he was incompetent to be executed (a *Ford* claim), raised for the second time after his first claim was dismissed without prejudice by the district court as premature, was not a "second or successive" application under AEDPA because the prior *Ford* claim had been dismissed as premature and not ripe as the execution was not imminent and an adjudication as to competency could not have been determined at that time. *Stewart*, 523 U.S. at 644–45. Here, Petitioner has not asserted a *Ford* claim, nor can he as he is not facing execution for his crimes. Further, Petitioner has not identified any "unripe" claims that existed at the time of the first Petition that would render the present petition not successive.

Similarly, in *Panetti* the Supreme Court held, in the context of a *Ford* competency claim, that a prisoner may sometimes bring a habeas petition claiming mental incompetency even if he did not raise the claim in his first petition. *Panetti*, 551 U.S. at 947. The Supreme Court explained:

> In the usual case, a petition filed second in time and not otherwise permitted by the terms of § 2244 will not survive AEDPA's "second or successive" bar. There are, however, exceptions. We are hesitant to construe a statute, implemented to further the principles of comity, finality, and federalism, in a manner that would require unripe (and, often, factually unsupported) claims to be raised as a mere formality, to the benefit of no party.
>
> The statutory bar on "second or successive" applications does not apply to a *Ford* claim brought in an application filed when the claim is first ripe. Petitioner's habeas application was properly filed, and the District Court had jurisdiction to adjudicate his claim.

*Id*. In the context of a *Ford* claim, then, such a claim does not ripen until the prisoner's execution is imminent, meaning a prisoner should not be penalized for failing to raise a premature *Ford* claim in a first federal habeas petition. Again, because Petitioner is not asserting a *Ford* claim, this aspect of the *Penetti* decision is unhelpful.

9

Courts have noted, however, that beyond a *Ford* claim, *Panetti* stands for the proposition that, if a claim is factually unripe at the time of a first habeas petition, such a claim might not be precluded by a later petition. *See Magwood v. Patterson*, 561 U.S. 320, 343 (2010) ("*Panetti*'s holding [is] that an application containing a claim that the petitioner had no fair opportunity to raise in his first habeas petition is not a second or successive application.") (Breyer, J., opinion concurring in part and concurring in judgment) (internal quotation marks omitted). "Both the Supreme Court and the Fourth Circuit have recognized a small subset of claims that may be raised in a subsequent habeas petition or § 2255 motion without being categorized as successive. Among that group are claims that were not yet 'ripe' when the original petition was filed because of a nonexistent factual predicate." *United States v. Hayes*, 352 F. Supp. 3d 629, 635 (W.D. Va. 2019) (citing *Panetti*, 551 U.S. at 942–47; *United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014)). In *Hairston*, the Fourth Circuit held that a numerically second § 2255 motion should not be considered "second or successive" pursuant to § 2255(h) when the factual basis for the motion did not come into existence until after a prior motion was filed, but emphasized that "the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated." *Hairston*, 754 F.3d at 262 (holding the petitioner's claim was "unripe" at the time his numerically first motion was filed, and that his second motion was therefore not "successive" within the meaning of the AEDPA).

Having reviewed the claims asserted in the present Petition, the Court finds that none of the claims fall within the exception to the "second or successive" application bar recognized in *Panetti*, *Hairston*, and similar cases. Petitioner's first claim involves an alleged structural error, as contemplated in *Stirone v. United States*, 361 U.S. 212 (1960), because, according to Petitioner, "the trial judge admitted—in the presence of defense and prosecution—that the conduct she was

instructing on was 'not charged in this indictment.'" ECF No. 1-2 at 11. That issue was ripe at the time Petitioner filed his first habeas petition and is therefore barred by AEDPA. Petitioner's ineffective assistance of counsel claims are clearly barred as they pertain to "matters known to petitioner either at the time of the criminal proceedings in state court or when he filed his first petition." *King v. Jackson*, No. 5:10-HC-2219-BO, 2011 WL 5843606, at *2 (E.D.N.C. Nov. 21, 2011) (finding later asserted ineffective assistance claims barred by AEDPA). Petitioner's conflict of interest claims under *Cuyler v. Sullivan*, 446 U.S. 335 (1980) is not one of the limited exceptions and is barred by AEDPA as a second or successive claim. *See United States v. Holt*, No. DKC-13-cr-204-4, 2022 WL 3156236, at *4 (D. Md. Aug. 8, 2022). As to Petitioner's claim under *Brady v. Maryland*, "courts have held that such claims ripen at the time the constitutional violation occurs, even if the petitioner is unaware of the violation at that time." *Hayes*, 352 F. Supp. 3d at 636 (citing *In re Wogenstahl*, 902 F.3d 621, 627–28 (6th Cir. 2018)); *Hicks v. Clarke*, 3:15-cv-405, 2016 WL 8731440, at *8 (E.D. Va. Sept. 30, 2016), *appeal dismissed*, 682 F. App'x 253 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 199 (2017) (holding *Brady*-based second-in-time petitions do not fall within the ripeness exception where the facts underlying the claim existed when the first petition was filed); *Winslow v. Davis*, C/A No. 7:20-cv-00111, 2020 WL 3511593, at *2 (W.D. Va. June 29, 2020) ("*Brady* claims in a successive petition require certification from the court of appeals"). Petitioner's claims regarding erroneous jury instructions are barred as a second or successive motion, even if such claims were not previously raised, as they would have been known to Petitioner at the time of his first petition and could have been raised therein. *Rose v. Warden*, C/A No. 0:22-cv-02050-RBH, 2022 WL 15718023, at *1 (D.S.C. Oct. 28, 2022). In sum, Petitioner has simply failed to identify any non-ripe claim for which the present Petition would not

count as a second or successive Petition under AEDPA, requiring pre-filing authorization by the Fourth Circuit Court of Appeals.

## CONCLUSION AND RECOMMENDATION

For the reasons above, it is recommended that the Petition (ECF No. 1) be **DISMISSED** for lack of jurisdiction and without requiring the Respondent to file an answer or return.  It is further recommended that Petitioner's Motion to Accept Jurisdiction (ECF No. 3) be **DENIED**.

**IT IS SO RECOMMENDED.**

s/William S. Brown
United States Magistrate Judge

May 19, 2026
Greenville, South Carolina


*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).