**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Allan Lee Hawkins, | Case No. 8:26-1935-RMG |
| Petitioner, | |
| v. | |
| Warden Jonathan Nance, | **ORDER** |
| Respondent. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 13), recommending that this habeas petition, brought pursuant to 28 U.S.C. § 2254, be dismissed for lack of jurisdiction without requiring the Respondent to file an answer or return.  Petitioner filed objections to the R&R.  (Dkt. No. 16). For the reasons set forth below, the Court adopts the R&R of the Magistrate Judge and dismisses this petition for lack of jurisdiction.

I.    **Background**

Plaintiff was convicted in the Greenville County Court of General Sessions in 2008 of murder, armed robbery, and possession of a weapon during the commission of a violent crime.  He was sentenced to 30 years in prison, and his convictions and sentence were affirmed on appeal. Defendant thereafter filed a habeas petition in this Court.  A Magistrate Judge issued a twenty-five-page Report and Recommendation on January 20, 2016, recommending that the petition be denied. *Hawkins v. Warden Perry Correctional Institution*, C.A. No. 8:14-4370-JMC, Dkt. No. 39.   The Report and Recommendation was adopted by the Honorable J. Michelle Childs, then a United States District Judge, and the petition was dismissed. (*Id.*, Dkt. No. 41).

Petitioner filed a motion on March 13, 2026, with the United States Court of Appeals for the Fourth Circuit seeking authorization to file a second and successive habeas petition. Petitioner argued that a second and successive petition should be authorized because the "factual predicate for the present claims was unavailable" at the time of his original habeas petition. *In re Allan Lee Hawkins*, App. No. 26-131 (4th Cir. 2026), (Dkt. No. 2 at 7). Petitioner submitted to the Fourth Circuit documentation and argument in support of his application for an authorization for a second and successive petition totaling one hundred and five pages. The Fourth Circuit denied the application to authorize a second and successive petition on April 8, 2026. (*Id*., Dkt. No. 8).

Petitioner nevertheless filed this petition for habeas relief on May 13, 2026, (Dkt. No. 1), arguing that this Court was not bound by the Fourth Circuit's denial of an authorization for a second and successive petition because the Fourth Circuit's decision was "unreasoned" and without any analysis of Petitioner's claims, (Dkt. No. 3 at 2). Petitioner argued that the District Court could exercise jurisdiction over the petition because the facts which formed the basis of the petition were allegedly not available at the time of the original habeas petition.

The Magistrate Judge issued a carefully reasoned and detailed R&R on May 19, 2026, recommending that the petition be dismissed for lack of jurisdiction because Petitioner had not obtained authorization to file a second and successive petition. (Dkt. No. 13). The Magistrate Judge stated that "[b]ecause the Fourth Circuit did not authorize Petitioner to file the instant Petition, this Court does not have jurisdiction to consider it." (*Id*. at 7). The Magistrate Judge also analyzed each of the Petitioner's claims and found that each issue was ripe at the time of Petitioner's earlier habeas petition. (*Id*. at 10-12). Petitioner filed objections to the R&R, essentially rearguing the issue of jurisdiction already unsuccessfully presented to the Magistrate Judge and earlier to the Fourth Circuit. (Dkt. No. 16).

## II.    Legal Standards

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

A specific objection to a Magistrate Judge's R&R requires more than simply rearguing what was previously presented to the Magistrate Judge or citation to legal authorities. A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### B.  Pro Se Pleadings

The Court liberally construes pleadings submitted by pro se litigants to allow the development of a potentially meritorious case. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). The requirement for liberal construction does not mean that the Court can ignore a clear failure in pleadings to allege facts to support a viable federal claim.

## III.    Discussion

A threshold matter the Court must address in every proceeding is whether it has jurisdiction over the claim. It is well settled that a district court has jurisdiction over one habeas petition challenging a petitioner's conviction. After that, any second or successive petition must be authorized by the court of appeals. 28 U.S.C. § 2244(b)(3). To be considered successive, the

3

second or subsequent petition must be an attack on the same conviction addressed in the first petition, and the first petition must have been adjudicated on the merits.

Petitioner argues that notwithstanding the Fourth Circuit's denial of an authorization for a second and successive petition, this Court should grant jurisdiction over his petition on the basis that he could not have presented the claim at the time of his original petition under the authority of *Panetti v. Quarterman*, 551 U.S. 930 (2007) and *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998). The Magistrate Judge ably summarized the factual and legal issues in this petition and correctly found that "none of the claims fall within the exception to the 'second and successive' application bar recognized" in *Panetti*, *Stewart* and related cases. (Dkt. No. 13 at 10-12).

## Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 13) as the Order of the Court. Petitioner's motion to accept jurisdiction (Dkt. No. 3) is **DENIED** and the petition is **DISMISSED** for lack of jurisdiction.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability ... shall indicate which specific issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d

4

676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 9, 2026
Charleston, South Carolina